Filed 5/1/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>WALTER LAFONZE EDWARDS,<br><br>    Defendant and Appellant. | A158055<br><br>(Alameda County Sup. Ct. No. 164975) |

Defendant and appellant Walter Lafonze Edwards (Edwards) appeals the denial of his petition for resentencing under Penal Code section 1170.95,[1] enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015). The superior court denied the petition on the basis that section 1170.95 was not available to Edwards because he "was not convicted of murder under a felony[]murder or natural and probable consequences aider and abettor theory."

On appeal, Edwards does not challenge the superior court's conclusion that his murder conviction was not based on a theory of felony murder or the natural and probable consequences doctrine aider and abettor theory. Rather, his appeal is a challenge to the procedure by which the superior court reviewed and resolved his petition. We affirm.

---

[1]    All further unspecified statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2006, Edwards fired an assault weapon into an apartment, killing the victim. Based on this incident, the People filed an information charging Edwards with murder (§ 187; count one) and shooting into an inhabited dwelling (§ 246; count two), together with related enhancements for personally and intentionally discharging a firearm and causing great bodily injury and death, personally and intentionally discharging a firearm, personally using a firearm, personally inflicting great bodily injury, and sustaining a prior prison term (§§ 667.5, subd. (b), 12022.53, 12022.7). The information also charged Edwards with possession of a firearm as a felon (§ 12021; count three).

Edwards pled guilty to possession of a firearm as a felon (count three). Subsequently, in 2011, a jury convicted Edwards of second-degree murder (count one) and shooting into an inhabited dwelling (count two), and found true the related enhancements. Edwards was sentenced to an aggregate term of 49 years and eight months to life in state prison, using the prior prison term to enhance the sentence by one year for both convictions of murder and shooting into an inhabited dwelling. In the prior appeal, we affirmed the convictions but modified the sentence to strike the one-year enhancement related to count two.

---

[2] The record on appeal consists of a clerk's transcript including the documents relating to the section 1170.95 petition and a supplemental clerk's transcript containing the documents relating to the record of conviction (including the charging information and jury instructions). By order filed October 31, 2019, we granted Edwards's request to take judicial notice of our prior opinion in his direct appeal from the judgment of conviction (*People v. Edwards* (April 30, 2013, A132814 [nonpub. opn.]).

In June 2019, following the enactment of Senate Bill No. 1437, Edwards filed a section 1170.95 resentencing petition, using "a downloadable form petition/declaration prepared by Re: Store Justice: a cosponsor of the legislation (see Sen. Com. On Public Safety, Rep. On Sen. Bill No. 1437 (2017-2018) Reg. Sess.) Apr. 24, 2018, p. 1)." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 324, review granted Mar. 18, 2020, S260493 (*Verdugo*).) The substantive portion of the form petition consists of a declaration with boxes to be checked against averments essentially tracking the statutory language as to the prerequisites for filing a petition and demonstrating a prima facie showing that the petitioner falls with the provisions of section 1170.95 and is eligible for relief.

Edwards checked the following boxes on the form petition: (1) "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," as well as, "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine"; and (3) "I could not now be convicted of 1st and 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," as well as, "I could not now be convicted of murder because of changes made in Penal Code § 188, effective January 1, 2019." Edwards also requested the court to appoint him counsel "during this re-sentencing process."

Edwards also submitted the following in support of his petition: (1) the jury instruction regarding the murder charge in count one (instructing that murder required an act causing the death of a person with either express or

implied malice, the latter theory requiring "an act," "[t]he natural and probable consequences of the act were dangerous to human life," "[a]t the time he acted he knew his act was dangerous to human life," and he "deliberately acted with conscious disregard for human life"); and (2) a portion of the reporter's transcript of the prosecutor's closing remarks in which he argued, in pertinent part, that Edwards acted with "both express malice, specific intent to kill, as well as implied malice," which latter theory was described as "an intentional act, the natural consequences of which are dangerous to human life, and at the time that the individual acted, they knew of the danger, and they deliberately acted with conscious disregard."

On June 14, 2019, the petition appeared on the superior court's calendar. The clerk's minute order indicates Edwards was not present, and no counsel appeared for either Edwards or the People. The court, "having reviewed the petition," ordered: "The Petition is DENIED." By its ruling, the court effectively denied Edwards's request for appointment of counsel.

On June 24, 2019, the superior court filed a 10-page order explaining the petition had been denied because Edward failed to make a prima facie showing that he fell within the provisions of section 1170.95 since Edwards was not convicted of second degree felony murder or murder under the natural and probable consequences theory applied to aiders and abettors; this finding was based on a review of the jury instructions that revealed "an absence of any instructions regarding felony-murder or aider and abettor natural and probable consequences theories of murder." The court further determined Edwards would not be entitled to relief under the statute because he had been convicted on a valid theory of murder that survived the changes in sections 188 and 189, effective January 1, 2019. Based on a review of the record of conviction and our prior opinion in the direct appeal in *People v.*

4

*Edwards*, *supra*, A132814, the court found the conviction for second-degree murder was based on Edwards being the killer and a finding of implied malice liability, not solely Edwards's participation in the crime.[3]

Edwards filed a timely notice of appeal from the June 24, 2019 order.

## DISCUSSION

**I.    Applicable Law**

Senate Bill No. 1437, effective January 1, 2019, amended "sections 188 and 189, significantly modifying the law relating to accomplice liability for murder.  In its uncodified findings and declarations the Legislature stated, 'It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the

---

[3]    Prior to the enactment of Senate Bill No. 1437, section 188, subdivision (a) provided: "For purposes of Section 187, malice may be expressed or implied.  [¶](1) Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature. [¶] (2) Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." Section 188, subdivision (a), now provides, in pertinent part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  Section 189, subdivision (e), now provides with regard to a participant in the commission or attempted commission of a felony listed in Section 189, subdivision (a), in which death occurs (crimes that provide the basis for a charge of first degree felony murder), the participant is liable for murder "only if one of the following is proven: [¶](1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."

5

intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 325-326.)

Senate Bill No. "1437 also added section 1170.95 to the Penal Code, which permits an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if he or she could not have been convicted of first or second degree murder because of [Senate Bill No.] 1437's changes to sections 188 and 189." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 326.)

Section 1170.95, subdivision (a) provides that the petition must contain the following information: (1) a complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) the petitioner was convicted of first or second degree murder following a trial, and (3) the petitioner could not be convicted of first or second degree murder because of changes in sections 188 and 189 made effective January 1, 2019. (*Id.,* subd. (a)(1), (2), (3).) The petition must also include, in pertinent part, a declaration stating the petitioner "is eligible for relief under this section" based on all the requirements in subdivision (a) of section 1170.95, and whether the petitioner requests the appointment of counsel. (*Id.*, subd. (b)(1)(A) & (C).) If any of the required information is missing and cannot be readily ascertained by the court, "the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

6

Section 1170.95, subdivision (c) provides the process by which the court is to decide the petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Therefore, no order to show cause is issued and no hearing is held (§ 1170.95, subd. (d)(1)) unless the court first determines a prima facie showing of entitlement to relief.

## II. The Superior Court Correctly Determined Edwards Does Not Fall Within the Provisions of Section 1170.95 as a Matter of Law

Edwards argues the superior court erred in its summary denial because his petition pleaded facts that, if true, demonstrated prima facie that he was eligible to file a petition for relief under section 1170.95. Edwards further argues that the superior court was limited to reviewing the facts pled in the petition for relief and could not rely on the record of conviction in determining whether he made the prima facie showing. We disagree, and find the superior court did not err in considering the record of conviction.

Section 1170.95, "which authorizes the court both to dismiss the petition if it lacks any required information and to determine if there is a prima facie showing the petitioner falls within the provisions of the statute before ordering briefing, indicates the Legislature's intent that the superior court perform a substantive gatekeeping function, screening out clearly ineligible petitioners before devoting additional resources to the resentencing

7

process.  [Citations.]" (*Verdugo, supra,* 44 Cal.App.5th at p. 331.)  To that end, "the relevant statutory language, viewed in context, makes plain the Legislature's intent to permit the [superior] court . . . to examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95 . . . ."  (*Verdugo, supra,* at p. 323.)

"In particular, because a petitioner is not eligible for relief under section 1170.95 unless he or she was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment.  Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder. . . ."  (*Verdugo, supra,* 44 Cal.App.5th at pp. 329-330.)

Additionally, "[a]llowing the [superior] court to consider its file and the record of conviction is . . . sound policy. . . . 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of a petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.  For example, if the petition contains sufficient summary allegations that would entitle the petitioner to relief, but a review of the court file shows the petitioner was convicted of murder without instruction or argument based on the felony murder rule or [the natural and probable consequences doctrine],

. . . it would be entirely appropriate to summarily deny the petition based on petitioner's failure to establish even a prima facie basis of eligibility for resentencing.' " (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138 (*Lewis*), review granted Mar. 18, 2020, S260598, quoting Couzens, Bigelow, Prickett, Sentencing California Crimes (October 2019 update), Ch. 23 Miscellaneous Sentencing Issues  § 23.51 Accomplice Liability – Petition for Resentencing  (§ 1170.95) § 23:51(H)(1), pp. 23-150 to 23-151.)

Here, we are faced with a form, check the box section 1170.95 petition tracking the statutory language with attachments of portions of the record of conviction that do not support the petition. While the attached jury instruction on murder and the prosecutor's closing remarks include the phrase "natural and probable consequences," that language does not demonstrate Edwards was charged and convicted of second degree felony murder or murder under the natural and probable consequences doctrine within the meaning of section 1170.95, which latter doctrine refers to the earlier  " 'established rule' of American jurisprudence," directed at accomplice liability (*People v. Prettyman* (1996) 14 Cal.4th 248, 260).  In any event, as the superior court here found, a review of the readily available record of conviction (charging information and jury instructions) shows Edwards *could not* meet the statutory prerequisites for even filing a section 1170.95 petition because he was not charged or convicted of second degree felony murder or murder under the natural or probable consequences doctrine directed at accomplice liability.  Accordingly, the superior court's summary denial was appropriate on this ground alone.

In light of our determination, we do not need to reach the superior court's additional finding that Edwards, as the actual killer, was convicted under a valid theory of murder that survived the changes in sections 188 and

9

189. However, we note that the superior court's finding was well supported for the reasons stated by the superior court, namely the record of conviction and our prior opinion in the direct appeal. (See *Verdugo*, *supra*, 44 Cal.App.5th at p. 333 [superior court properly relied on Court of Appeals' opinion in direct appeal of petitioner's conviction, in determining whether he made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted, Mar. 18, 2020, S260410 [same]; *Lewis*, *supra*, 43 Cal.App.5th at pp. 1137-1138 [same].)

Edwards additionally argues summary denial was improper because the superior court rendered its decision without appointing him counsel, without giving the People an opportunity to file a response, without allowing him an opportunity to file a reply, and without holding a hearing.[4] We need not address these contentions because, since Edwards does not fall within the provisions of section 1170.95 as a matter of law, any of the purported errors were harmless under any standard of review (*Chapman v. California* (1967) 386 U.S. 18, 24 [constitutional error]; *People v. Watson* (1956) 46 Cal.2d 818, 836 [state law error]) and remand would be an idle act (Civil Code § 3532 [the law does not require idle acts]).

---

[4]     We recognize that some of these issues will be addressed in cases pending for review in our Supreme Court. (*Lewis, supra*, 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 [lead case] [review limited to the following issues: (1) whether superior court may use record of conviction to determine prima facie showing required under section 1170.95 and (2) when does the right to appointed counsel arise under subdivision (c) of section 1170.95]; *Cornelius, supra,* 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410 [holding for lead case]; *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493 [holding for lead case].)

For all the reasons stated above, we affirm the June 24, 2019 order denying the petition for resentencing.

## DISPOSITION

The June 24, 2019 order denying the petition for resentencing is affirmed.

_____

Petrou, J.


WE CONCUR:


_____

Siggins, P.J.


_____

Fujisaki, J.


_A158055/People v. Edwards_

Trial Court:        Alameda County Superior Court

Trial Judge:        Hon. Morris Jacobson

Counsel:            Office of Attorney General, Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Amit Kurlekar, Deputy Attorney General, for Plaintiff and Respondent.

First District Appellate Project, Waldemar D. Halka, for Defendant and Appellant.